**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

JOSEPH MARSELL CARTLIDGE, )
                                   )
             Plaintiff,     )
                                   )
                                   )          1:19cv292
                v.            )
                                   )
JENNIFER SMITH, et al.,     )
                                   )
             Defendants.    )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

    This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action under 28 U.S.C. § 1915(e)(2) as frivolous, for failing to state a claim, and as barred by various immunity doctrines.

**LEGAL STANDARD**

    "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256–57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954.

As to the second ground, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter,

-2-

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

the United States Constitution or at common law immunize government entities and/or government personnel from liability for damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing eleventh-amendment immunity of states and state officials); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy" (internal quotation marks omitted)).

## **INTRODUCTION**

Asserting jurisdiction pursuant to "42 U.S.C. § 1983" (Docket Entry 2 at 3), Plaintiff initiated this action against three defendants: (1) "The County of Forsyth" ("Forsyth County"), (2) "Jennifer Smith" ("Detective Smith"), and (3) "Penn Broyhill" ("ADA Broyhill"). (Id. at 1-2.) The Complaint's "Statement of Claim" states in its entirety:

> [Plaintiff], on July 1, 2018 in Forsyth county town of Kernersville was falsely arrested by [Detective] Smith of the Kernersville Police Department, and was subsequently Unlawfully imprisoned in Forsyth County Detention Center for 247 days.
>
> 1. False arrest - On Sunday, July 1st 2018 approximately 5:40 P.M., a Kernersville police officer parked in the middle of South Main st. and Century blvd.,

did a u-turn when [Plaintiff] drove past and pulled [him] and Edward Squires over. Routinely [the officer] asked for identification and learned of a warrant for Edward Squires. Additional backup was called and came to the scene, to include [Detective] Smith. [Edward Squires and Plaintiff] both w[ere] asked to step out of the car. Edward was arrested while [Plaintiff] was being badgered with a rapid line of questioning from a field officer to whom [Plaintiff] answered. [Detective] Smith came to assist the officer and questioned [Plaintiff] about the events of [his] day. Upon answering her [Detective Smith] said [Plaintiff] was obstructing justice because she claimed [Plaintiff] knew Edward Squires was involved in criminal activity and that [Plaintiff] was lying. [Plaintiff] told her [he] was on probation and [he] can't afford to get arrested. [Detective Smith] insisted [Plaintiff] was being untruthful and gave [him] an ultimatum to tell her what happened or be arrested for obstruction. [Plaintiff] told her [he] was being transparent about what happened and not knowing what Edward was up to, then at that time [Plaintiff] was arrested when [Detective Smith] ordered the field officer to handcuff [him]. [Plaintiff] was never charged with obstruction of justice.

2. Illegal Search and Seizure - [Detective] Smith asked for a search dog to sniff the car when [Plaintiff] did not give consent to search the vehicle. The dog reacted to the car although there were no controlled substances with odors found inside of the car. Nevertheless the vehicle was searched.

3. False Imprisonment - [Plaintiff] was incarcerated in Forsyth County Detention Center from July 1st 2018 until Feb[r]uary 7th 2018 under criminal charges that were dismissed against [him] Feb[r]uary 19th 2019.

4. Right to Due Process - During [Plaintiff's] criminal litigation [Plaintiff] opted to represent [himself] Pro se. [ADA] Broyhill was the assistant district attorney assigned to [Plaintiff's] case. There are several date[s] to which this right was violated by [ADA] Broyhill.

- 08/17/2018 [Plaintiff] was not brought to court as a Pro se defendant
- 09/25/2018 [Plaintiff] addressed a letter to [ADA] Broyhill concerning [g]iving [Plaintiff] a copy of

> [his] discovery and toxicology report (Exculpatory evidence) 11/17/2018 [Plaintiff] was not brought to court as a Pro se defendant
> - 11/17/2018 [Plaintiff] was not brought to court as a Pro se defendant
> - 11/20/2018 [Plaintiff] addressed a letter to [ADA] Broyhill concerning not being brought to the courthouse as a Pro se defendant every scheduled calendar date
> - 12/03/2018 [Plaintiff] filed a bond motion to the courts that was not answered
> - 01/25/2019 [Plaintiff] was not brought to court as a Pro se defendant
>
> There was no oral or written correspondence from [ADA] Broyhill during [Plaintiff's] incarceration. [ADA] Broyhill dilatory [sic] and withholding certain exculpatory information such as toxicology reports and discovery would have shown [Plaintiff's] detention was not justified.

(Id. at 5.)[2] The Complaint requests "monetary relie[f] in the amount of $400,000." (Id. at 7; see also id. (requesting no injunctive relief).)

## DISCUSSION

The Court "cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff," Simon v. Shawnee Corr. Ctr., Civ. Action No. 13-521-GPM, 2013 WL 3463595, at *1 (S.D. Ill. July 9, 2013) (unpublished), but liberal construction permits the conclusion that the Complaint seeks relief, pursuant to 42 U.S.C. § 1983 for Defendants' acts which "violat[ed] [Plaintiff's] 4th

---

[2] The Statement of Claim also asserts that "[o]ther relevant information is on . . . a formal complaint in the NC State Bar . . . [and] a letter to Senior Residence [sic] Judge of Forsyth County Todd Burke" (Docket Entry 2 at 5-6), but the Complaint does not include such documents (see id. at 1-8).

Amendment right against False Arrest, False Imprisonment, and Illegal Search and Seizure. . . . [and] deprived [Plaintiff] of [his] 14th amendment right to Due Process and Equal Protection Clause." (Docket Entry 2 at 4.) Even liberally construed, however, Plaintiff's claims fail as a matter of law.

## I. Forsyth County

The Complaint includes Forsyth County in the caption, but fails to include any factual allegations against this defendant. (Compare id. at 1, with id. at 1-8.) "Simply listing a name in a caption, or as a defendant, is not sufficient to state a claim." Key v. South Carolina, No. 1:11-1613-DCN-JRM, 2011 WL 3846848, at *2 (D.S.C. Aug. 10, 2011) (unpublished). In any event, any claim against Forsyth County fails as a matter of law, because (as explained below) the Kernersville Police Department employs Detective Smith and the State of North Carolina employs ADA Broyhill, such that Forsyth County bears no responsibility for their conduct.

## II. Official Capacity Claims

To state a claim for relief under Section 1983, Plaintiff must allege factual matter showing "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50

(1999).³  Moreover, Plaintiff must raise his Section 1983 claims "against a 'person'" capable of committing a violation of his constitutional rights. Conley v. Ryan, 92 F. Supp. 3d 502, 519 (S.D. W. Va. 2015) (quoting 42 U.S.C. § 1983). As "Congress did not exercise its power to abrogate a state's Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983," Coffin v. South Carolina Dep't of Soc. Servs., 562 F. Supp. 579, 585 (D.S.C. 1983), "a State is not a person within the meaning of § 1983," Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

The Complaint purports to assert an official capacity Section 1983 claim for damages against ADA Broyhill (see Docket Entry 2 at 2-7), but such claim qualifies as frivolous, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," Will, 491 U.S. at 71, and "a State is not a person within the meaning of § 1983," id. at 64. In North

---

³ Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

Carolina, district attorneys and their assistants act as arms of the State. See N.C. Gen. Stat. §§ 7A-60 (creating prosecutorial districts and position of district attorney), 7A-61 (empowering district attorneys to "prosecute in a timely manner in the name of the State all criminal actions"), 7A-63 (providing for assistant district attorneys to aid district attorney), 7A-65 (establishing compensation for district attorneys and assistant district attorneys). As a result, any official capacity damages claim under Section 1983 against ADA Broyhill suffers from an obvious fatal defect, as "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," Will, 491 U.S. at 71.

Additionally, Plaintiff's official capacity claims against both Detective Smith and ADA Broyhill constitute claims "against the governmental entity employing [each of them]," Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006), i.e., Kernersville Police Department and the State of North Carolina. In that regard, "claims against officers in their official capacities are claims against the entities for which the officers were acting. . . . [T]o establish liability on behalf of the entity, it must be shown that the actions of the officers were unconstitutional and were taken pursuant to a custom or policy of the entity." Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987). The Complaint alleges injury from the actions of Detective Smith

and ADA Broyhill, but does not set out any factual allegations showing that they acted pursuant to any official policy or custom of the Kernersville Police Department or the State of North Carolina. (See Docket Entry 2 at 1-8.)

In sum, the Complaint's Section 1983 official capacity claims against Detective Smith or ADA Broyhill fail as a matter of law.

### III. Individual Capacity Claims

The Complaint expressly asserts only official capacity Section 1983 claims against Detective Smith and ADA Broyhill. (See id. at 2.) However, even if the Complaint asserted Section 1983 claims against Detective Smith and ADA Broyhill in their individual capacities, those claims also would fail as a matter of law.

### A. Detective Smith

### 1. False Arrest/False Imprisonment

"Actions under [Section] 1983 based upon claims of false arrest or false imprisonment are properly analyzed as unreasonable seizures under the Fourth Amendment." Day v. Milam, No. 1:11-CV-97, 2011 WL 5190809 at *4 (E.D. Va. Oct. 28, 2011) (unpublished). "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 183 (4th Cir.

1996). However, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." Graham v. Connor, 490 U.S. 386, 396 (1989).

The Complaint alleges that, on July 1, 2018, an officer with the Kernersville Police Department performed a traffic stop on Plaintiff's vehicle, discovered a warrant for the passenger of Plaintiff's vehicle, and thereafter arrested the passenger. (See Docket Entry 2 at 5.) Next, the Complaint states that Detective Smith arrived on the scene and began to question Plaintiff regarding "the events of [his] day" and, after Plaintiff responded, Detective Smith "said [Plaintiff] was obstructing justice because she claimed [Plaintiff] knew [the passenger] was involved in criminal activity and that [Plaintiff] was lying." (Id.) According to the Complaint, "[Detective Smith] gave [Plaintiff] an ultimatum to tell her what happened or be arrested for obstruction." (Id.) Plaintiff allegedly responded that he "did not know what [his passenger] was up to." (Id.) The Complaint asserts that Plaintiff was "then at that time" arrested but does not specify the crime charged, stating only that "[Plaintiff] was never charged with obstruction of justice." (Id.) Nor does the Complaint show that Detective Smith lacked probable cause for Plaintiff's arrest.

Claims of false imprisonment address detention "without legal process." Wallace v. Kato, 549 U.S. 384, 389 (2007). "Reflective

-11-

of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges." Id.  The Complaint provides no facts to indicate that Plaintiff suffered false imprisonment at any time.  (See Docket Entry 2 at 1-8.)  To the contrary, the Complaint asserts that Plaintiff "was incarcerated in Forsyth County Detention Center from July 1st 2018 until February 7th 2018[4] under criminal charges that were dismissed against [him] February 19th 2019" (id. at 5), thus establishing that Plaintiff's detention coincided with the pendency of criminal charges, and did not occur "without legal process," Wallace, 549 U.S. at 389.

As a result, Plaintiff's claims for false arrest and false imprisonment fail as a matter of law.

**2. Illegal Search and Seizure**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.  However, a "canine sniff" conducted during a lawful stop does not constitute a search under the Fourth Amendment.  See United States v. Branch, 537 F.3d 328, 335–36 (4th

---

[4] This date likely should read "February 7th 2019."  (See Docket Entry 2 at 5 (alleging that Plaintiff was "subsequently [u]nlawfully imprisoned in Forsyth County Detention Center for 247 days").)

Cir. 2008). Further, a "'positive alert' from a drug detection dog, in and of itself, provides probable cause to search." Id. at 340 n.2.

The Complaint alleges that "[Detective] Smith asked for a search dog to sniff the car when [Plaintiff] did not give consent to search the vehicle." (Docket Entry 2 at 5.) However, the Complaint does not allege any factual matter showing that the canine sniff occurred at a point at which the stop exceeded its lawful basis (or that the stop lacked a lawful basis at its inception). (See id. at 1-8.) Further, the Complaint states that "[t]he dog reacted to the car" (id. at 5), which, "in and of itself, provide[d] probable cause to search," Branch, 537 F.3d at 340 n.2.[5] Under these circumstances, Plaintiff's illegal search and seizure claim fails as a matter of law.

In sum, the Complaint's claims that Detective Smith "carried out an unlawful arrest against [Plaintiff] violating [his] 4th amendment right against [f]alse [a]rrest, [f]alse [i]mprisonment, and [i]llegal [s]earch and [s]eizure" (Docket Entry 2 at 4) fall short because they lack supporting factual allegations sufficient

---

[5] The Complaint states that "there were no controlled substances with odors found inside of the car." (Docket Entry 2 at 5 (emphasis added).) However, the Complaint alleges no facts showing how Plaintiff concluded that controlled substances in the car lacked an odor detectable by a trained canine. (See id.) In any event, the Complaint does not allege facts showing that officers lacked a basis to rely on the positive alert. (See id.)

to plausibly establish that Detective Smith unlawfully deprived Plaintiff of his constitutional rights. Therefore, the Court should dismiss the Section 1983 claims against Detective Smith, to the extent the Complaint asserts such claims against her in her individual capacity.

**B. ADA Broyhill**

**1. Due Process and Equal Protection**

The Fourteenth Amendment's Due Process Clause prohibits deprivation of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest 'in property' or 'liberty.'" American Mfrs., 526 U.S. at 59. The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To succeed on an equal protection claim, a Section 1983 plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Under a paragraph entitled "Right to Due Process" (Docket Entry 2 at 5), the Complaint asserts that, "during [Plaintiff's] criminal litigation[,] [he] opted to represent [himself] [p]ro se"

(id.) and that "[ADA] Broyhill was the assistant district attorney assigned to [his] case" (id.). The Complaint then states that (i) "[Plaintiff] was not brought to court as a [p]ro se defendant" on multiple dates (id.), (ii) "[Plaintiff] addressed a letter to [ADA] Broyhill concerning not being brought to the courthouse as a [p]ro se defendant every scheduled calendar date" (id.), (iii) "[Plaintiff] filed a bond motion . . . that was not answered" (id.), (iv) "[t]here was no oral or written correspondence from [ADA] Broyhill during [Plaintiff's] incarceration" (id.), and (v) "[ADA] Broyhill . . . withh[eld] certain exculpatory information such as toxicology reports and discovery [which] would have shown [Plaintiff's] detention was not justified" (id.).

The Complaint fails to provide any factual allegations demonstrating Plaintiff's entitlement to appear in court on the dates specified (or any other), to have his bond motion answered, or to receive correspondence from ADA Broyhill. (See id. at 1-8.) Further, the Complaint offers nothing more than a conclusory assertion that ADA Broyhill withheld evidence. (See id.) Finally, the Complaint makes only vague references to a violation of Plaintiff's "14th Amendment Right to . . . Equal Protection Clause" (id. at 3, 4), and fails to provide any factual matter regarding any such violation (see id. at 1-8). Simply put, the Complaint's conclusory statements do not provide a basis to support a Section 1983 claim that ADA Broyhill violated Plaintiff's due process or

-15-

equal protection rights.  See Iqbal, 556 U.S. at 678.  As such, to the extent the Complaint asserts any such claims against ADA Broyhill in his individual capacity, they fail as a matter of law.

**2. Prosecutorial Immunity**

The Supreme Court has held that "absolute immunity appl[ies] with full force" to a prosecutor's activities that remain "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Polidi v. Bannon, 226 F. Supp. 3d 615, 620 (E.D. Va. Dec. 28, 2016) ("Prosecutors are absolutely immune from suits for money damages for conduct in or connected with judicial proceedings.").  The Complaint seeks damages from a state court prosecutor and, further, fails to offer any factual allegations that would suggest that ADA Broyhill acted outside of the judicial phase of the criminal prosecution.  (See Docket Entry 2 at 4-5.)  As a result, the Court should dismiss any Section 1983 claims against ADA Broyhill in his individual capacity based on prosecutorial immunity.

### CONCLUSION

The Court should dismiss the Section 1983 claims in the Complaint under Section 1915(e)(2) as frivolous, for failing to state a claim, and as barred by various immunity doctrines.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE**

**LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Section 1983 claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

                                              /s/ L. Patrick Auld
                                                 **L. Patrick Auld**
                                      **United States Magistrate Judge**

April 16, 2019